Hilton Kalanipio Niau
P. O. BOX 382
Kalaheo, HI 96741
808-278-8243
PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 0 2020

at 4 o'clock and 10 min. P M
CLERK, U.S. DISTRICT COURT

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hilton Kalanipio Niau<br>*Plaintiff*<br><br>-v-<br><br>COUNTY OF KAUAI; DEREK S. K. KAWAKAMI; PATRICK PORTER; WALLACE G. REZENTES JR.; ROBIN SERQUINA; ELLSWORTH KALEIOHI; KAUAI POLICE DEPARTMENT; TODD RAYBUCK; KAUAI POLICE COMMISSION; MARY K. HERTOG; and DOES 1-10.<br>*Defendants* | Civil No. CV20 00319 LEK KJM<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br>DEMAND FOR JURY TRIAL<br>EXHIBITS A, B<br>CERTIFICATE OF SERVICE<br>SUMMONS<br><br>Hearing Date:<br>Judge: |

**JURISDICTION AND VENUE**

1.  COMES NOW, Under 42 U.S.C. § 1983, Plaintiff, Hilton Kalanipio Niau; herein after known as ("Plaintiff") brings this complaint, and seeks Personal Compensatory Damages, Punitive Damages, Declaratory, and Injunctive relief against Defendants, of the COUNTY OF KAUAI, DEREK S. K. KAWAKAMI, in his Official Capacity as Mayor; PATRICK T. PORTER, in his Official Capacity as Director of Department of Parks and Recreation; WALLACE G. REZENTES JR.,

Page **1** of **11**

Received By Mail
Date 7/20/2020

Mailed On
Date 7/20/2020

in his Official Capacity as Deputy Director of Department of Parks and Recreation; ROBIN SERQUINA, in her Official Capacity as Ranger, Department of Parks and Recreation; ELLSWORTH KALEIOHI, in his Official Capacity as Ranger, Department of Parks and Recreation; KAUAI POLICE DEPARTMENT; TODD RAYBUCK in his Official Capacity as Chief of Police; KAUAI POLICE COMMISSION, MARY K. HERTOG, in her official Capacity as Chairperson; and DOES 1-10; hereinafter known as ("Defendants"), under 42 U.S.C. § 1983, on the grounds that those Defendants, by their conduct, knowingly, willingly, and intentionally subjected, or caused to be subjected to violations of rights secured to Plaintiff by the Constitution and the laws of the United States.

2. Accordingly, Plaintiffs invoke this Court's federal question jurisdiction as conferred by 28 U.S.C. § 1331.

3. Additionally, because the relief sought is pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

4. Plaintiff who is currently registered homeless, sheltering in place at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii. Plaintiff claims Pursuant to 42 U.S.C. § 1983 that Defendants acting under color of law in accordance with the Kauai County Code enforcing **Illegal Camping KCC 19-2.3(a),** and **Unauthorized Structure KCC 19-1.4(a)(13),** on registered homeless individuals for sleeping and sheltering in public spaces when those persons have no

home or any other option for shelter violates the U.S. CONSTITUTION Eighth Amendment's prohibition on cruel and unusual punishment, see **MARTIN V. CITY OF BOISE** No. 15-35845 D.C. No. 1:09-cv-00540-REB, **BERZON, 9th Circuit Judge's Opinion:** "We consider whether the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to. **We conclude that it does**."

5. Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2) because the Defendants reside in this district, because all events or omissions giving rise to the claim occurred in this district.

**STATEMENT OF CLAIM**

7. At Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii, Plaintiff who is registered Homeless with Kauai Economic Opportunity hereinafter called ("KEO"), is currently sheltering in place within the permitted camping area.

8. Currently the County of Kauai has one shelter operated by KEO located in Lihue with a maximum capacity of 19 occupants with over 500 registered homeless on Kauai.

9. On September 5, 2019 Defendants received LEGAL NOTICE via USPS CM RRR (see EXHIBIT A) Stating Liability in accordance with 42 U.S.C. § 1983.

10. On or about November 6, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiff for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), knowingly, willingly, and intentionally subjecting, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff, who is a registered homeless Person in which has no home, and no other option for shelter.

11. On or about November 8, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF

KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiff Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally subjecting, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff with Malicious intent to scare Plaintiff away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff, who is a registered homeless Person in which have no home, and no other option for shelter. Therefore, subjecting cruel and unusual punishment on Plaintiff, who is registered homeless Person in which has no home, and no other option for shelter. Further, causing Plaintiff to be subjected to a Double Jeopardy.

12. On January 8, 2020, at approximately 8:00 am, in the District Court of the Fifth Circuit all other charges from numerous citations of Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) were **"DISMISSED WITH PREJUDICE - IN INTEREST OF JUSTICE"** (see EXHIBIT B), acknowledged and decided upon by Deputy Prosecuting Attorney Chris Donahue, and District Judge Michael Soong, for the Fifth Circuit District Court that the

governing case causing the dismissal is the case sited under JURISDICTION in this complaint.

13. Immediately following the Courts Dismissal, Plaintiff hand delivered copies of the Courts Dismissal documents to Defendants, of the County of Kauai, Department of Parks and Recreation, and respectfully explained that there is no other option for shelter provided for the homeless community by the County of Kauai, or State of Hawaii and therefore, any further citations would be cruel and unusual punishment inflicted on Plaintiff who is Registered Homeless with KEO. Defendant, WALLACE G. REZENTES JR., knowingly, willingly, and intentionally exclaimed to Plaintiff, that citations will continue to be issued regardless of the courts dismissal, and in spite of the County of Kauai's lack of fulfilling its obligation to provide substantial shelter around the Island of Kauai for the homeless in each district of the County, thereby, Psychologically Harassing Plaintiff and intentionally inflicting emotional distress.

**CLAIM FOR RELIEF**

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

**(42 U.S.C. § 1983 et seq.; United States Constitution, Amendment VIII)**

14. Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth here.

15. The Defendants, jointly and severally, through their actions and inaction have continually violated the rights of Plaintiff and others similarly situated, and will continue to do so unless enjoined and abated.

16. Acting in concert, Defendants violated the U.S. CONSTITUTION EIGHTH AMENDMENTS Prohibition on cruel and unusual punishment *see **MARTIN V. CITY OF BOISE** No. 15-35845 D.C. No. 1:09-cv-00540-REB, **BERZON, 9th Circuit Judge's Opinion:** "We consider whether the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to. **We conclude that it does.**"*, in such causing Plaintiff Personal injuries, Intentionally Inflicting Emotional Distress, through Psychological Harassment. Thereby, subjecting Plaintiffs to the denial of rights, privileges, and immunities secured by the Constitution, and the laws of the United States, and shall be held liable to the Plaintiffs being the injured party for redress.

17. Plaintiff sustained emotional and phycological Trauma caused by the severity of the Defendants repeated Unprofessional and UNCONSTITUTIONAL, cruel and unusual punishment inflicted subjecting Plaintiff to a Double Jeopardy, and Malicious actions, and Psychological Harassment, aimed to deter Plaintiff from

sheltering in place at Salt Pond Beach Park Camping Area, when Plaintiff had no home or other option for shelter.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully and humbly prays that the Court enter judgment in his favor granting the following relief:

A. Personal Compensatory Damages in the amount of $500.00.

B. Punitive Damages in the amount of $1,500,000 to redress grievances and injuries inflicted.

C. A preliminary and permanent injunction abating the Double Jeopardy, as well as cruel and unusual punishment inflicted, alleged herein, to include:

- enjoining Defendants from further violations of the U.S. CONSTITUTION, by citing Registered Homeless and enforcing Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), as alleged herein;

D. Costs of court; and

E. Attorney fees pursuant to 42 U.S.C. § 1988.

//

//

## JURY DEMAND

Plaintiff demand a jury trial as to all matters triable by jury.

Signed on the __16__ day of __July__, 2020.

Respectfully submitted,
HILTON KALANIPIO NIAU, *IN PRO PER*


By: __Hilton Niau__
    Hilton Kalanipio Niau
    Plaintiff


P. O. BOX 382
Kalaheo, HI 96741
808-278-8243


## CERTIFICATE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Signed on the 16 day of July, 2020,

PLAINTIFF PRO SE

*Hilton Niau*

Hilton Kalanipio Niau

P. O. BOX 382
Kalaheo, HI 96741
808-278-8243

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Complaint for Violation of Civil Rights was served upon:

COUNTY OF KAUAI, Mayor, DEREK S. K. KAWAKAMI, 4444 Rice Street, Suite 235 Lihue, HI 96766, 808-241-4900.

PATRICK T. PORTER; WALLACE G REZENTES JR.; ROBIN SERQUINA; ELLSWORTH KALEIOHI; RAY ORTIZ; 4444 Rice Street, Suite 105 Lihue, HI 96766, 808-241-4460.

KAUAI POLICE COMMISSION; MARY K. HERTOG. 4444 Rice Street, Suite 150 Lihue, HI 96766, 808-241-4920.

KAUAI POLICE DEPARTMENT; TODD RAYBUCK; Chief 3990 Kaana Street, Suite 200 Lihue, HI 96766, 808-241-1711.

By MAIL VIA USPS on the 16 day of July 2020.

_Hilton Niau_
Hilton Kalanipio Niau
Plaintiff PRO SE