IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HILTON KALANIPIO NIAU, ) | Civil No. 20-00319 LEK-KJM |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO DISMISS |
| vs. ) | PLAINTIFF'S COMPLAINT FOR |
| ) | FAILURE TO PROSECUTE |
| COUNTY OF KAUAI; DEREK S. K. ) | |
| KAWAKAMI; PATRICK PORTER; ) | |
| WALLACE G. REZENTES JR.; ) | |
| ROBIN SERQUINA; ELLSWORTH ) | |
| KALEIOHI; KAUAI POLICE ) | |
| DEPARTMENT; TODD RAYBUCK; ) | |
| KAUAI POLICE COMMISSION; ) | |
| MARY K. HERTOG; DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

*Pro se* Plaintiff Hilton Kalanipio Niau ("Plaintiff") initiated this action on July 20, 2020.  ECF No. 1.  Although Plaintiff initially participated in this action and appeared for court proceedings, Plaintiff has failed to appear at the last four status conferences on March 2, 2021, March 11, 2021, March 24, 2021, and April 8, 2021.  *See* ECF Nos. 15, 16, 17, 18.  In addition, it appears from the docket that Plaintiff has failed to effectuate service on any of the defendants he names in his Complaint, as required by Rule 4 of the Federal Rules of Civil Procedure.

On April 9, 2021, this Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by May 7, 2021 why the Complaint should not be dismissed for Plaintiff's failure to appear at the last four status conferences and to complete service ("04/09/2021 OSC").  ECF No. 19.  Plaintiff did not file a response to the 04/09/2021 OSC.

## DISCUSSION

Plaintiff must serve a proper summons and complaint on the defendants for the Court to have jurisdiction over the defendants.  *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)).  Notwithstanding that the Court discussed with Plaintiff his service obligations at several status conferences and issued an order to show cause as to why this action should not be dismissed for lack of service, Plaintiff has still not established that he properly served the defendants.  Nor has Plaintiff provided to the Court any reason for his failure to do so.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*,

370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since July 2020, and Plaintiff has failed to perfect service on any of the defendants. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action, or even appear for a status conference, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why he is unable to properly serve any of the defendants.

Third, the risk of prejudice to the defendants weighs heavily in favor of dismissal. The defendants will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired the defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to assist Plaintiff in effecting service and issued the 04/09/2021 OSC warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss the Complaint. ECF No. 19. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan*

4

factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 19, 2021.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Niau v. Cnty. of Kauai, et al.*, Civil No. 20-00319 LEK-KJM; Findings and Recommendation to Dismiss Plaintiff's Complaint for Failure to Prosecute